| iBROWN, J.,
Concurring.
McGregor claims that while driving his tractor-trailer rig on 1-20 he coughed once and passed out. Although he did not testify at trial, in his deposition, McGregor denied any prior fainting episodes. A review of his medical records, including documentation of a complete physical before the accident, discloses no history of fainting. McGregor stated that on a couple of occasions since the accident he got “lightheaded” from coughing; however, the only time he claims to have lost consciousness was when the accident occurred.
In contrast to affirmative defenses such as comparative negligence, a defendant who attempts to avoid clear liability by claiming the intervention of a fortuitous event or an act of God has a higher burden of proof and must show by clear and convincing evidence that such an event occurred and if it occurred, that it was unforeseen. Defendants’ experts admit that there is scant research on or knowledge about “cough syncope.” Such a condition is not universally accepted as is the loss of consciousness due to an epileptic seizure or diabetic shock. As shown in this case, proof of such a questionable condition relies almost entirely on the word of the one attempting to avoid liability, yet the consequences to innocent victims of an accident are great.
Immediately after the accident, McGregor was conscious, oriented and able to inquire about his wife who was riding with him. He told no one that he had fainted. At the emergency room he gave no history of fainting. It was some time after the accident that McGregor first claimed that he had fainted. The team of experts hired by the defense conducted numerous tests but were never able to induce such an episode. Defendants simply failed to show by clear and convincing evidence that McGregor fainted or lost consciousness.
APPLICATION FOR REHEARING
Before WILLIAMS, BROWN, GASKINS, STEWART and PEATROSS, JJ.
Rehearing denied.